UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION



11 MAR 10 PM 3: 46

| | | |
|---|---|---|
| KEVIN PENNEY, <br> 101 Yale Ave. <br> New Lebanon, OH 45345 | : <br> : | CASE NO. |
| Plaintiff, | : | JUDGE 1:11CV151 |
| Vs. | : | MAGISTRATE JUDGE J. DLOTT |
| COCA-COLA ENTERPRISES, INC. <br> THE WELFARE BENEFITS COMMITTEE <br> 2500 Windy Ridge Parkway <br> Suite 700 <br> Atlanta, GA 30339 | : <br> : <br> : | JURY DEMAND ENDORSED <br> HEREON |
| And | : | |
| UNUM LIFE INSURANCE COMPANY OF <br> AMERICA <br> 2211 Congress Street <br> Portland, ME 04122 | : <br> : <br> : | |
| Defendants. | | |

## COMPLAINT

NOW COMES the Plaintiff, Kevin Penney, by and through his undersigned counsel, and for his Complaint hereby states as follows:

### Jurisdiction and Venue

1. Jurisdiction of this Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA), specifically, 29 U.S.C. §§ 1132(e)(1) and 1132(f). The aforementioned sections grant the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an Employee Welfare Benefit Plan that, in this case, consists of group disability benefits available under a Plan that is provided for the

1

employees of Coca-Cola Enterprises, Inc.'s Long-Term Disability Plan (hereinafter referred to as the "Coca-Cola Plan"), as underwritten by Unum Life Insurance Company of America (hereinafter, "UNUM"). The Group Insurance Certificate for the group policy is attached hereto and incorporated as Exhibit 1.

2. This action may be brought in this case pursuant to 28 U.S.C. §1331 that gives the district court jurisdiction over actions that arise under the laws of the United States.

3. The ERISA statute provides at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Plaintiff has exhausted those administrative avenues without resolution in his favor.

## Type of Action

4. This is a case involving an award of long-term disability benefits made to Plaintiff Kevin Penney under a long-term disability plan which provides benefits to employees of Coca-Cola, as administered by Defendant UNUM. Plaintiff Kevin Penney received benefits under the Coca-Cola Plan as a result of injuries suffered in a workplace accident at Coca-Cola Enterprises, Inc. Plaintiff subsequently filed a workers' compensation claim under Ohio law, his claim was approved, and he received workers' compensation benefits including a "permanent partial disability award" (hereinafter, a "PPD") made pursuant to Ohio Revised Code Section 4123.57. Following receipt of his PPD, Plaintiff received notification from Defendant UNUM that, pursuant to the provisions of the Plan, his PPD offset long-term disability benefits under the Plan, and Defendant UNUM was asserting an overpayment equal to the amount of the PPD, which would serve to reduce benefits Plaintiff would receive under the terms of the Plan. This action seeks a recovery of benefits (in the form of payments owed and due to Plaintiff as a result of the assertion of

2

the overpayment recovery) and is brought pursuant to ERISA §502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Plaintiff also seeks to enforce the right to receive future benefits and enjoin the Defendants to account for past benefits and pay future benefits.

## The Parties

5. Plaintiff Kevin Penney is now disabled, but was an active employee under the Plan and eligible as a qualified employee when his medical condition deteriorated and he could no longer work as a result of a workplace accident which occurred on August 16, 2007.

6. At all times relevant hereto, the Coca-Cola Plan constituted an "Employee Welfare Benefit Plan" as defined at 29 U.S.C. §1002(1), and while employed, Plaintiff became disabled and has coverage under the Plan as an employee because he was a "participant" as that term is defined at 29 U.S.C. §1002(7). This claim relates to benefits under the foregoing Plan.

7. ERISA requires that an Employee Welfare Benefit Plan be established and maintained pursuant to a written instrument, 29 U.S.C. § 1192(a)(1).

8. The Plan is a certificate of insurance under which the Plaintiff, Kevin Penney, was a participant at the time of his disability and is attached as Exhibit 1. The Plan document sets forth the sole criteria of benefits for the Plaintiff.

9. UNUM is the claims administrator for the Plan / insurance policy. Venue is proper in the Southern District of Ohio because both Coca-Cola and UNUM regularly conduct business here and have a presence here. Coca-Cola employs persons, including formerly Plaintiff, in the Southern District of Ohio. UNUM administers a long-term disability plan for Coca-Cola for employees in the Southern District of Ohio. Venue is proper in

Cincinnati because Defendant UNUM sent correspondence on multiple occasions to Plaintiff's counsel at his Cincinnati office.

## Statement of Facts

10. Plaintiff Kevin Penney was a full-time Coca-Cola Enterprises, Inc. employee and was actively engaged in employment until August 16, 2007, when he ceased working as a result of a back injury which occurred in the course of, and which arose out of, his employment with Coca-Cola Enterprises, Inc. Due to his injuries, Plaintiff has been unable to engage in any substantial, gainful employment activities since that time.

11. Subsequent to his injury of August 16, 2007, Plaintiff filed a workers' compensation claim in the State of Ohio, pursuant to the provisions of Ohio's Workers' Compensation Act (Ohio Revised Code Chapter 4123, et seq.) Coca-Cola Enterprises, Inc. is a self-insured employer under the law of the State of Ohio. Coca-Cola Enterprises, Inc. certified Plaintiff's workers' compensation claim for the condition of "lumbar sprain" and "L2-3 disc herniation".

12. On or about December 8, 2009, the Industrial Commission of Ohio, through its District Hearing Officer, determined that Plaintiff Kevin Penney suffered from an impairment rating equal to ten percent (10%) of his whole person as a result of his workplace injury and the conditions "lumbar sprain" and "L2-3 disc herniation". Pursuant to Ohio R.C. 4123.57(B), this entitled Plaintiff to a PPD award for twenty weeks at his average weekly wage, but not to exceed the statutory maximum rate for the award for injuries occurring in 2007, equal to $243.33 per week. As Plaintiff Kevin Penney's average weekly wage, as that term is defined under Ohio's Workers' Compensation Act, exceeded the maximum, he was entitled to the maximum award, which totaled $4,866.60.

4

13. On September 29, 2010, Defendants, through Defendant UNUM, notified Plaintiff by letter that it was declaring an overpayment in his long-term disability claim equal to the amount of the workers' compensation payment. See Exhibit 3. The letter stated that:

> "[Y]ou were awarded Workers' Compensation benefits on February 11, 2009. This is the same time period we paid a full Long Term Disability benefit. This has caused an overpayment in the amount of $4,866.52 on your claim because we were paying the full Long Term Disability benefit instead of the amount due after the Workers' Compensation payment had been subtracted."

14. The aforementioned letter failed to give the notice required under 29 C.F.R. §2560.503-1(g)(1) et seq. and specifically, the specific reasons for the overpayment declaration, a description of the additional materials necessary to properly adjust the claim, an explanation of why such material or information is necessary, and the appropriate information regarding the steps necessary for Plaintiff to take if he wished for the decision to be reviewed and / or appealed.

15. The aforementioned failure to comply with the relevant provisions of the Code of Federal Regulations tolled the period of time for appeal and / or presenting a proof of claim, thereby tolling any statute of limitations, regulatory, or policy limitation for failure to comply with the mandatory regulation.

16. Plaintiff did not receive a workers' compensation award on February 11, 2009.

17. The award referenced within the September 29, 2010 letter causes Plaintiff to believe that the overpayment declaration was made as a result of his receipt of his PPD.

18. Plaintiff employed the undersigned counsel to represent him in connection to his challenge to the declaration of the overpayment. On November 15, 2010, the undersigned sent Defendants UNUM and Coca-Cola Plan a letter outlining the reasons why Defendants were incorrect in asserting an overpayment, and requesting a copy of the

disability policy. A copy of the letter is attached as Exhibit 4, and is incorporated herein by reference as if fully re-written within this Complaint. The letter asserted, inter alia, that notwithstanding the plain language of the Plan which allows the offset of all workers' compensation payments, that offset was inappropriate where the specific workers' compensation benefit award was not in the nature of an award for loss of earnings.

19. In response, Defendant UNUM sent Plaintiff's counsel a letter dated November 23, 2010 which merely repeated that Plaintiff had received a payment under "a workers' compensation law" and therefore, the payment constituted a deductible source of income allowing Defendant UNUM to reduce long-term disability benefits and accordingly declare an overpayment. The letter was sent to Plaintiff's counsel's Cincinnati office, and did not address Plaintiff's arguments raised in the November 15, 2010 correspondence to Defendant UNUM. The letter provided that Plaintiff may file an appeal within 180 days from the date of the November 23, 2010 letter. A copy of the letter is attached as Exhibit 5.

20. In response, Plaintiff submitted his appeal on November 29, 2010 to the Appeals Unit. The appeal incorporated by reference the letter sent on November 15, 2010, the substance of which was never addressed by Defendant UNUM. A copy of the letter is attached as Exhibit 6. At this point in time, Plaintiff had not received a copy of the policy or other information he requested on November 15, 2010.

21. On January 6, 2011, Plaintiff submitted another copy of the appeal to Lauren Austin, Senior Financial Services Representative, which incorporated the letter of November 15, 2010. A copy of the letter is attached as Exhibit 7.

6

22. On December 21, 2010, Defendant UNUM sent correspondence to Plaintiff's counsel at his Cincinnati satellite office, indicating that the deadline to submit additional evidence was extended to January 21, 2011. On January 21, 2011, at 9:45AM, Defendant UNUM sent a fax confirming the expiration of the time period for submitting additional information, notwithstanding the fact that the business day had not concluded. Plaintiff submitted an additional letter, the arguments of which are incorporated by reference. A copy of all correspondence of December 21, 2010, and January 21, 2011 is attached as Exhibit 8.

23. On February 9, 2011, Defendant UNUM sent Plaintiff its decision, failing to address the fact that proper integration of long-term disability benefits does not include an award for a permanent partial disability award under Ohio law. The letter upheld Defendant UNUM's decision to recoup the overpayment in its entirety. A copy of the letter is attached as Exhibit 9.

## Cause of Action

24. Plaintiff incorporates as if fully re-written herein the allegations contained within paragraphs 1 through 23 of this Complaint.

25. ERISA maintains an Employee Benefit Plan shall be established and maintained pursuant to a written instrument, 29 U.S.C. §1102(a)(1).

26. ERISA maintains that the Employee Benefits Plan shall be maintained in accordance with statutory provisions and Regulations contained within Title 29, Chapter 18, Subchapters I and III, relevant portions of Title 26 of the United States Code as well as Treasury Regulations and Department of Labor Regulations consistent with the relevant portions of the United States Code. 29 U.S.C. §1104(a)(1)(D).

27. Defendant Coca-Cola, as creator of the Plan, has delegated all authority to make benefit determinations to Defendant UNUM.

28. Under Regulations promulgated by the Treasury Department and the Department of Labor pursuant to authority delegated by ERISA, Defendant UNUM is required to engage in integration analysis before determining that it has the right to set-off other income received by Plaintiff. See *Mangione v. UNUM Provident Corporation*, Vt. Dist. Ct. No. 2:06-cv-216 (July 21, 2008); *Employee Benefits Committee of the Retirement System of Hawaiian Telephone Company*, 679 F.2d 1319 (C.A. 9, 1982); *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981). This analysis precludes Defendant UNUM from creating and administering the Plan in a fashion which declares that all income is subject to being defined as "deductible" and therefore reduces Defendant UNUM's obligation to make long-term disability benefit payments.

29. Under the Regulations and authority issued by the Internal Revenue Service, only payments received from workers' compensation which constitute payments for loss of earning capacity are subject to integration. Payments of the nature of general damages are not subject to integration analysis, and therefore, are not subject to an offset of long-term disability benefits. See *Alessi*, supra at 521; *Mangione*, supra; Treas.Reg. 1.411(a)(4); Rev. Rul. 78-178 (prohibiting integration with reimbursement for medical expenses or with fixed sums made for bodily impairment because such payments do not match up with any benefits available under a pension plan qualified under the Internal Revenue Code and ERISA).

8

30. Under Ohio law, a permanent partial disability award under the Workers' Compensation Act is more akin to a "general damages" award then an award for loss of earning capacity. See *State ex. Rel. Latino v. Indus. Comm. Of Ohio* (1968), 13 Ohio St.2d 103, 234 N.E.2d 912; *State ex. Rel. Sears, Roebuck & Co. v. Indus. Comm.* (1990), 52 Ohio St.3d 144, 556 N.E.2d 467.

31. Defendant UNUM administered the Plan, and Plaintiff's long-term disability claim, without taking into account Ohio law as articulated in Paragraph 29. Accordingly, the denial of benefits through a reduction equal to the amount of the permanent partial disability award was arbitrary, capricious, and unreasonable, and without legal basis under the Plan document and applicable law.

32. The Plaintiff is entitled to continued long-term disability benefits without an offset in the amount of $4,866.52. The Plaintiff seeks benefits in this amount under 29 U.S.C. §1132(a)(1) and other benefits to which he is entitled, and further seeks to enjoin Defendants from asserting the overpayment in connection with the continued administration of his long-term disability claim.

33. Defendant UNUM and Defendant Coca-Cola have breached their fiduciary duties to the Plaintiff by failing to exercise the statutorily required duties of care and prudence, by failing to administer the Plan solely in the interests of the participants and beneficiaries as required under 29 U.S.C. §1104(a)(1), and by denying benefits to Plaintiff contrary to law and the terms of the Plan. Defendant UNUM has arbitrarily ignored and selectively reviewed documents and arguments provided by Plaintiff, has ignored governing law requiring integration analysis, and has failed to provide a full and fair review.

34. Defendant UNUM both makes payments under the Plan and makes benefit determinations under the Plan, and is therefore subject to review on a de novo standard.

35. The Plan does not give the authority to make the claims determination to staff of Defendant UNUM, and the language of the Plan does not give deference to Defendant UNUM and / or a named benefit administrator. Therefore, the review sought is de novo.

36. Defendants Coca-Cola and UNUM have failed to comply with the procedural requirements of ERISA by denying Plaintiff a full and final hearing. Specifically, the assertion of the overpayment by Defendants did not comport with the requirements of 29 C.F.R. §2560.503-1 et seq. that specifies the procedural requirements for the claims review process and specifically requires that the claims administrator who denies benefits provide the claimant with a notice that is specific and enumerated in the Regulation, provide relevant documents and policies, and moreover, requires that the initial denial of benefits to the Plaintiff inform the Plaintiff of what is necessary for the Plaintiff to perfect his claim, and the Defendant has failed to comply to the prejudice of Plaintiff.

37. Defendant UNUM still wrongfully denies benefits and because the Defendant Plan has breached its duty to administer the Plan document with due care and solely for Plaintiff's benefit because it has arbitrarily and for its own benefit refused to consider the additional materials provided for review and failed to give Plaintiff a full and fair review of its denial of benefits and required him to file suit.

38. Plaintiff is entitled to these benefits and they are due and owing in an amount not yet ascertainable, and the Plaintiff seeks the payment of these benefits under 29 U.S.C. §1132(a)(1).

WHEREFORE, Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff Penney's favor and against the Defendants and that the Court order the Defendants to pay ongoing long-term disability benefits without offsetting an amount equal to Plaintiff's permanent partial disability award earned in his workers' compensation claim;

B. That the Court order Defendants to pay Plaintiff's pre-judgment interest on all benefits that have accrued prior to the date of judgment and enter judgment accordingly and that the Court reserve jurisdiction to enforce its judgment;

C. That the Court declare Plaintiff Kevin Penney's rights under the ERISA Plan, the ERISA statute, and the applicable laws and order Defendants to continue paying Plaintiff's benefits without respect to the permanent partial disability award;

D. That the Court award Plaintiff his attorney's fees pursuant to 29 U.S.C. §1132(g), and:

E. That Plaintiff recover any and all other relief to which he may be entitled, as well as the costs of suit.

F. Any and all other relief which this Court determines is appropriate.

Respectfully submitted:

*Brett Bissonnette*
Brett R. Bissonnette (0076527)
Gary D. Plunkett (0046805)
HOCHMAN & PLUNKETT CO., L.P.A.
3077 Kettering Boulevard
Point West, Suite 210
Dayton, Ohio 45439
937/228-2666
937/228-0508 (Fax Number)
brettbissonnette@hochmanplunkett.com
Attorney for Plaintiff Kevin Penney

## JURY DEMAND

Plaintiff demands a jury on all issues so triable.

*Brett Bissonnette*
Brett Bissonnette

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been served upon Coca-Cola Enterprises, Inc., The Welfare Benefits Committee, 2500 Windy Ridge Parkway, Suite 700, Atlanta, Georgia 30339 and UNUM Life Insurance Company of America, 2211 Congress Street, Portland, Maine 04122, by regular U.S. mail on this __10__ day of March, 2011.

*Brett Bissonnette*
Brett Bissonnette